


**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

| | |
|---|---|
| *Paul Riley*<br>*Assistant United States Attorney*<br>*Paul.Riley @usdoj.gov* | *Suite 400*     *DIRECT: 410-209-4959*<br>*36 S. Charles Street*     *MAIN: 410-209-4800*<br>*Baltimore, MD 21201-3119*     *FAX: 410-962-3091* |

September 14, 2017

Ms. Sedira Banan
Ms. Elizabeth Genevieve Oyer
Assistant Federal Public Defenders
Office of the Federal Public Defender
100 S. Charles Street
Tower II, 9th Floor
Baltimore, Maryland 21201

Re:     *United States v. Michael Waters*, JFM-16-0468

Dear Counsel:

This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by close of business on **September 18, 2017**, it will be deemed withdrawn. The terms of the agreement are as follows:

**Offense of Conviction**

1.      The Defendant agrees to plead guilty to Count Two of the Indictment charging him with Possession of Child Pornography, in violation of Title 18, United States Code, Section 2252(a)(4)(B). The Defendant admits that he is, in fact, guilty of that offense and will so advise the Court.

**Elements of the Offense**

2.      The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

a.      On or about the date listed in the Indictment, the Defendant knowingly possessed a visual depiction;

b.      The depiction was shipped or transported in and affecting interstate or foreign commerce by any means, including computer;

c.      Producing the visual depiction involved using a minor engaged in sexually explicit conduct;

1

d.      The depiction is of a minor engaged in sexually explicit conduct; and

e.      The Defendant knew that at least one performer in the visual depiction was a minor and knew that the depiction showed the minor engaged in sexually explicit conduct.

## Penalties

3.      The maximum sentence provided by statute for the offense to which your client is pleading guilty is as follows: imprisonment for not and not more than twenty (20) years, followed by a term of supervised release of not less than five years and not more than life and a fine of up to $250,000. In addition, the Defendant must pay $100 as a special assessment pursuant to Title 18, United States Code, Section 3013, and must pay a $5,000 special assessment pursuant to 18 U.S.C. § 3014(a), which will be due and should be paid at or before the time of sentencing. This Court may also order him to make restitution pursuant to Title 18, United States Code, Sections 2259, 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to Title 18, United States Code, Section 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked—even on the last day of the term—and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

4.      The Defendant understands and agrees that as a consequence of his conviction for the crimes to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Waiver of Rights

5.      The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

a.      If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

b.      If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

c.      If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

d.      The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

e.      If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

f.      By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

g.      If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

## Advisory Sentencing Guidelines Apply

6.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at Title 18, United States Code, Sections 3551-3742 (excepting Title 18, United States Code, Sections 3553(b)(1) and 3742(e)) and Title 28, United States Code, Sections 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

Page 3 of 8

**Factual and Advisory Guidelines Stipulation**

7.     This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

a.     **Base Offense Level:** The base offense level is eighteen (18) pursuant to U.S.S.G. §2G2.2(a)(1).

b.     **Minors under Twelve:** Pursuant to U.S.S.G. §2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12).

c.     **Distribution:** Pursuant to U.S.S.G. §2G2.2(b)(3)(F), there is a two (2) level increase because the Defendant knowingly distributed visual depictions of minors engaged in sexually explicit conduct by means of a peer-to-peer file-sharing program.

d.     **Sadomasochistic Material:** Pursuant to U.S.S.G. §2G2.2(b)(4), there is a four (4) level increase because the offense involved material that portrays sadistic or masochistic conduct or other depictions of violence—*i.e.*, the penetration of a prepubescent minor by an adult male.

e.     **Use of a Computer:** Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the possession of child pornography involved the use of a computer.

f.     **More than 600 Images:** Pursuant to U.S.S.G. §2G2.2(b)(7)(D), there is a five (5) level increase because the number of images involved in the offense and its relevant conduct is more than 600.

8.     This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office intends to make a motion pursuant to U.S.S.G. §3E1.1(b) for an additional 1-level decrease, assuming your client continues to acceptance of personal responsibility for his conduct up to, and through, his sentencing. This Office may oppose any adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

9.     Thus, the final anticipated adjusted offense level is **30**.

10.    The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

11.     This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines will be raised or are in dispute.

12.     The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct.

## Rule 11(c)(1)(C) Plea

13.     The parties stipulate and agree that, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), a **sentence of 96 months' imprisonment** in the custody of the Bureau of Prisons and lifetime supervised release is the appropriate disposition of this case.  This agreement does not affect the Court's discretion to impose any lawful term of supervised release or fine or to set any lawful conditions of probation or supervised release.  In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void.  Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that if the Court finds that the defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the government would be bound by the specific sentence or sentencing range contained in this paragraph and the defendant would not be able to withdraw his plea.

14.     Defendant understands that the Maryland State Division of Parole and Probation (DPP) and the Office of the States Attorney for Anne Arundel County (OSA) may recommend that any term of imprisonment imposed for the Defendant's violation of probation may run consecutive to the sentence imposed by the U.S. District Court for the District of Maryland and that such a consecutive sentence may be imposed.

## Obligations of the United States Attorney's Office

15.     At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

## Waiver of Appeal

16.     In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

a.     The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or otherwise, to appeal the Defendant's conviction.

b.     The Defendant and this Office knowingly waive all right, pursuant to 18 U.S.C. § 3742 or otherwise, to appeal whatever sentence is imposed (including the right to appeal any issues that relate to the establishment of the advisory guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and the

decision whether to impose and the calculation of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

        c.     The Defendant further waives any and all motions, defenses, probable cause determinations, objections which Defendant could assert to the Indictment or to the Court's entry of judgment against the Defendant, imposition of sentence upon the Defendant consistent with this agreement.

        d.     Nothing in this agreement shall be construed to prevent the Defendant or this Office from invoking the provisions of Federal Rule of Criminal Procedure 35(a), or from appealing from any decision thereunder, should a sentence be imposed that resulted from arithmetical, technical, or other clear error.

        e.     The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

## Obstruction or Other Violations of Law

17.     The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. §3C1.1, (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea because this Office is relieved of its obligations under the agreement pursuant to this paragraph. The Defendant acknowledges that he may not withdraw his guilty plea--even if made pursuant to Rule 11(c)(1)(C) -- if the Court finds that the defendant engaged in obstructive or unlawful behavior and/or failure to acknowledge personal responsibility. In that event, neither the Court nor the government would be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to 11(c)(1)(C).

## Forfeiture

18.     The Defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on March 17, 2016, and further agrees to take whatever steps are necessary to pass clear title to those properties to the United States, including, but not limited to:

      a. An LG Cell Phone, LG730, s/n: 305KPDT0422322, made in Korea; and

b.  A Verbatim 16GB Micro SD HC Card, ID # Z16GF21SAT2051705

## Restitution

19.     For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§ 2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Collection of Financial Obligations

20.     The Defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court.

21.     In order to facilitate the collection of financial obligations to be imposed in connection with this prosecution, the Defendant agrees to disclose fully all assets in which the Defendant has any interest or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee or other third party.

22.     The Defendant will promptly submit a completed financial statement to the United States Attorney's Office, in a form this Office prescribes and as it directs. The Defendant promises that the financial statement and disclosures will be complete, accurate and truthful, and understands that any willful falsehood on the financial statement will be a separate crime and may be punished under 18 U.S.C. § 1001 by an additional five years' incarceration and fine.

## Entire Agreement

23.     This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Stephen M. Schenning
Acting United States Attorney

By:   Paul A. Riley
      Zachary A. Myers
      Assistant United States Attorneys

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

X  9-18-17
Date

x  Michael K. Waters

Michael K. Waters

I am Mr. Waters' attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

9/18/17
Date

Sedira S. Banán, Esq.

## Attachment A

*The undersigned parties hereby stipulate and agree that the following facts are true and accurate, and that if this matter had gone to trial, the government would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter gone to trial.*

Michael Waters ("Waters"), age 39, is a resident of Glen Burnie, Maryland. On March 4, 2016, Waters was released from prison after serving a sentence for Second Degree Child Abuse.

On March 6, 2016, a Baltimore County Police Department (BCPD) detective was conducting an undercover investigation on the BitTorrent network. The detective identified Internet Protocol (IP) address 96.244.190.218 as being associated with child pornography. The detective obtained a partial download of a video that a device at that IP address was making available. The video, titled "Nablot Sucker [3.30m].avi," depicts a prepubescent boy performing oral sex on an adult man. The IP address sharing the video was assigned to Waters' mother's residence in Dundalk, Maryland.

On March 17, 2016, BCPD executed a warrant at the address. At the time of the execution of the warrant, Waters' mother was present, but Waters was not. Waters' mother informed investigators that her son had stayed with her from March 4, 2016 through March 6, 2016 and that she had given him an internet-enabled LG mobile phone and the password to her wireless router. Waters took the phone with him when he left her residence on March 6, 2016. She initially said that she did not know where he was or how to contact him. Waters' mother later informed investigators that she had not been honest with them, and that Waters was staying with her father in Glen Burnie, Maryland. BCPD went to the residence in Glen Burnie, Maryland, located Waters and interviewed him.

Waters told investigators that his mother had given him the LG cell phone after his release from prison and that he had used it to connect to the Wi-Fi at her residence. Waters initially told investigators that he had lost the phone. He then changed his story and said that he sold it in exchange for cocaine. Waters finally admitted that the phone was in the residence and that he used a torrent program on the phone to download child pornography.

Later that day, investigators obtained a warrant to search the Glen Burnie residence and recovered the LG phone. Waters had disassembled the phone, removed the Verbatim 16GB micro SD card, and had hidden it in the cat litter box in his bedroom.

Waters again spoke to investigators and admitted that he had connected the LG phone to the Wi-Fi at his mother's house and used it to download file-sharing software. He stated that he downloaded the "Nablot Sucker" video on to his phone on two occasions. He described the video as a nine or ten-year-old kid "giving head." Waters stated that he had been involved with child pornography prior to his most recent incarceration and estimated he first saw child pornography

1

five years ago. He admitted using search terms such as "PTHC" (pre-teen hardcore) and other names and terms known to be associated with child pornography images and videos. He also indicated that he understood the operation of the Internet-based file-sharing software he used and was aware that he was enabling other users to obtain child pornography that he had downloaded.

A forensic analysis of the micro SD card found in the cat litter box revealed over 100 images and videos depicting children engaged in sexually explicit conduct, including the video partially downloaded by the undercover detective and the following two files:

- **1457796864497.jpg** – an image that depicts a close up of an adult male penis penetrating a prepubescent girl's vagina; and

- **1457796876367.jpg** – an image that depicts a minor girl performing oral sex on an adult male.

A forensic analysis of the LG phone revealed file-sharing software and search history indicative of searches for videos and images of minors engaged in sexually explicit activity, including:

- "8 yo," "9 yo;"
- "9yo daphne and dad;"
- "10678429-children sexually abused girls, 5yo mp3 pthc 8yo swallows o.mov.rar - download torrents;"
- "2yo Blonde Girl Raped by Two Neighbours.zip - download torrents;"
- "(PTHC) 7yo sex in serial (Hussyfan R@ygold] 6yo girl fucked~1.mpg - download torrents;" and
- "4yo Blonde Girl Raped by Schoolbus Driver.zip - download torrents."

The Internet is a facility of interstate commerce.

***

I have reviewed the foregoing statement of facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as part of my plea agreement with the government in this case.

_____
Michael Waters

I am Mr. Waters' attorney. I have carefully reviewed the statement of facts with him.

_____
Sedira Banan, Esq.
Counsel for Michael Waters

2